IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-30424
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDDIE FRANCIS, JR.,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CR-20028-9
- - - - - - - - - - -
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Freddie Francis, Jr., appeals his sentence for possession with intent to distribute 17.66 grams of cocaine base. 21 U.S.C. § 841(a)(1). He was sentenced to 300 months of imprisonment. He argues that in determining his sentence, (1) the district court was bound by the drug quantity alleged in the indictment and should not have used relevant conduct to increase his sentencing guideline range, and (2) the fact of prior convictions should not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have been used to increase his sentence under the guidelines when those prior convictions were not alleged in the indictment. Francis acknowledges that both issues are foreclosed by this court's precedents.  He seeks to preserve the issues for Supreme Court review.

Francis' 300-month sentence was within the statutory maximum sentence of 40 years of imprisonment.  21 U.S.C. § 841(b)(1)(B)(iii).  Francis' first argument is without merit. See Apprendi v. New Jersey, 530 U.S. 466 (2000).

Francis' two prior convictions need not have been alleged in the indictment.  See Almendarez-Torres v. United States, 523 U.S. 224, 228-47 (1998).  Apprendi did not overrule Almendarez-Torres. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).

AFFIRMED.